FILED

APR 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30047 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00140-RFC-2 |
| v. | |
| RODRICK D. GANT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted April 11, 2014
Seattle, Washington

Before:  HAWKINS, RAWLINSON, and BEA, Circuit Judges.

Appellant Rodrick D. Gant (Gant), who was convicted of conspiracy to commit robbery affecting interstate commerce in violation of the Hobbs Act, challenges the district court's denial of his motion for a mistrial premised on the government's misstatement of the law during closing arguments.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Although the government concedes that it misstated the law during closing arguments concerning application of a firearms stipulation to the Hobbs Act offense's jurisdictional element, a mistrial was not warranted because "[t]he misstatement by the prosecutor was not so gross as probably to prejudice [Gant]. . . ." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012) (citation and internal quotation marks omitted). The misstatement did not render Gant's trial fundamentally unfair due to the significant evidence of Gant's participation in the Hobbs Act conspiracy, including audio and video recordings of Gant's incriminating statements and conduct. *See United States v. Sanchez*, 659 F.3d 1252, 1260 (9th Cir. 2011) (observing that "[w]hen the case is particularly strong, the likelihood that [the misstatement] will affect the defendant's substantial rights is lessened because the jury's deliberations are less apt to be influenced. . . .") (citation omitted). The district court also minimized any prejudice associated with the government's erroneous argument by properly instructing the jury on the requisite elements of the Hobbs Act offense and that the attorneys' arguments were not evidence. *See United States v. Mendoza*, 244 F.3d 1037, 1045 (9th Cir. 2001) (concluding that "[w]hen counsel misstates the law, the misstatement is harmless error if the court properly instructs the jury on that point of law or instructs that the attorneys' statements and arguments are not evidence") (citation omitted).

As Gant acknowledges, his challenge to the sufficiency of the evidence premised on a conspiracy to rob a fictitious narcotics trafficker is foreclosed by our precedent. *See United States v. Rodriguez*, 360 F.3d 949, 957 (9th Cir. 2004).

**AFFIRMED.**